UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN,<br><br>           Plaintiff,<br><br>     v.<br><br>*C. VISS, et.al.*,<br><br>           Defendant. | No.  1:19-cv-01654-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 19) |

Plaintiff Thomas John Heilman is appearing *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983 against the following five named defendants:  Valley State Prison ("VSP") Correctional Officers Santos, Ruiz, Ladd, and Viss; and VSP Warden Fisher.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 11, 2019, the assigned magistrate judge screened plaintiff's complaint.  (Doc. No. 15.)  That screening order accurately summarized plaintiff's allegations, which concern alleged events spanning several days beginning on April 10, 2018 when plaintiff purportedly arrived at VSP for a temporary placement.[1]  (Doc. 1 at ¶ 1.)  Plaintiff had previously been incarcerated at the Correctional Training Facility in Soledad, California.  (*See id.*)

---

[1] At this stage of the proceedings, the court accepts as true plaintiff's allegations in the complaint. (*See* Doc. No. 1.)

1

In his complaint, plaintiff alleges as follows. Plaintiff is 61 years old and suffers from multiple medical conditions, including spinal stenosis, degenerative disk disease, and severe arthritis. (*Id*.) Upon plaintiff's arrival at VSP, defendant Santos was assigned to escort plaintiff to the receiving area. (*Id*. at ¶ 2.) During the process of removing plaintiff's restraints, defendant Santos grasped plaintiff's left thumb and yanked it up and away from plaintiff's body, twisting his arm and wrist, and causing plaintiff to suffer intense pain. (*Id*.) When plaintiff asked defendant Santos to stop, Santos placed a restraint on plaintiff's left wrist and overtightened the restraint, which were left in place for 10 to 15 minutes. (*Id*. at ¶ 3.) A video recording was made to document plaintiff's complaints and injuries. Defendant Ruiz recorded the interview of plaintiff and threatened to "fuck Heilman up" if he filed an inmate grievance against defendant Santos. (*Id*. at ¶ 5.)

Plaintiff's temporary transfer to VSP was carried out to accommodate his appearance at a settlement conference in the case of *Heilman v. A. Silva, et al.*, No. 3:13-cv02984-JLS-AGS (S.D. Cal.), in which plaintiff had alleged he was assaulted while housed at R.J. Donovan Correctional Facility in San Diego, California. (*Id*. at ¶ 6.) Plaintiff was scheduled to appear at the settlement conference in that case on April 12, 2018. (*Id*. at ¶ 8.) Plaintiff alleges that Ruiz and Ladd withheld his legal materials until April 13, 2018, one day after the *Silva* case settlement conference. (*Id*. at ¶ 9.) Plaintiff also alleges that, as a result, he felt compelled to accept a settlement in that case while under duress and undue influence. (*Id*.)

Plaintiff also claims he was later placed in the administrative segregation unit at VSP, even though he did not engage in any acts of disciplinary misconduct. (*Id*. at ¶ 11.) While there, Viss, Ladd, and Fisher subjected plaintiff to procedures implemented under the "Guard One" suicide prevention protocols, even though plaintiff was not suicidal. (*Id*.) Among other things, plaintiff alleges that while he was in administrative segregation, Viss took every opportunity to awaken plaintiff from sleep at night by shining a high-powered type flashlight directly into plaintiff's face and by banging his fist or foot against the cell door. (*Id*. at ¶ 14.) This took place approximately twice per hour during Viss's eight-hour shift. (*Id*.) Plaintiff alleges that he became disoriented and confused from the sleep deprivation and began to hallucinate, and to suffer depression and anxiety. (*Id*.) When
/////

plaintiff confronted Defendant Viss about disturbing his sleep, Viss stated he was "ordered" to awaken plaintiff in implementing the "Guard One" suicide prevention protocols.  (*Id*. at ¶ 15.)

Defendant Ladd was the Captain of the administrative segregation unit at VSP during the relevant time period.  (*Id*. at ¶ 16.)  Defendant Ladd interviewed plaintiff about his complaints against Defendant Viss and others.  (*Id*.)  Plaintiff advised Ladd of the inappropriate conditions and told Ladd that he would file a lawsuit if the conduct continued.  (*Id*.)  Ladd stated, "Go ahead and try.  A lot of inmates have filed against us for waking them up at night. None of them have ever won!"  (*Id*.)  At one point after plaintiff spoke to Ladd, Ladd was seen conferring with Warden Fisher, who was visiting administrative segregation.  (*Id*.)  Plaintiff alleges that Fisher failed to oversee properly the implementation of the "Guard One" policy as to individuals who are not suicidal.  (*Id*. at ¶ 17.)

The December 11, 2019, screening order found that plaintiff had stated cognizable claims against defendant Santos for excessive use of force and against defendant P. Ruiz for retaliation in violation of the First Amendment. (Doc. No. 15.)  The screening order also concluded that the following claims were not cognizable as pled by plaintiff:

- Plaintiff's First Amendment retaliation claim against Ruiz and Ladd for withholding legal property failed to state a claim because plaintiff failed to set forth facts giving rise to an inference of retaliatory motive;

- Plaintiff's interference with access to the courts claim, also premised upon Ruiz's and Ladd's alleged withholding of legal property, was not cognizable because plaintiff failed to show that he suffered an actual injury in the form of actual prejudice to the resolution of a non-frivolous legal claim;

- Plaintiff's Eighth Amendment claim premised upon sleep deprivation did not allege sufficiently pervasive deprivation to make out a claim under existing precedent;

- To the extent plaintiff alleged that the Guard One checks constituted a violation of his rights even when those checks were conducted in a manner consistent with the Guard One policy, plaintiff cannot bring a claim independent of the existing class action lawsuit concerning those checks, *see Coleman v. Schwarzenegger*, 922 F. Supp. 2d 882 (E.D. Cal. 2009) (concerning claims brought originally in the mid-1990s on behalf of California state

> prisoners suffering from serious mental illnesses, challenging prison conditions, including mental health care and solitary confinement), and must instead seek to intervene in the *Coleman* case; and
>
> - Unrelated claims included in the complaint pertaining to conduct which allegedly took place at different institutions were improperly joined.

(*Id*. at 5–9.)

The magistrate judge offered plaintiff the option to either file a first amended complaint or notify the court in writing of his willingness to proceed only on the cognizable claims. (*Id.* at 10.)

On January 16, 2020, plaintiff notified the court of his willingness to proceed only on the claims found to be cognizable in the screening order of December 11, 2019. (Doc. No. 18.)

On January 17, 2020, the magistrate judge issued findings and recommendations recommending that this action proceed on plaintiff's excessive use of force claim against defendant Santos and retaliation claim against defendant P. Ruiz, and that all other claims and defendants be dismissed from the action for failure to state cognizable claims for relief. (Doc. No. 18.) The findings and recommendations were served on plaintiff and contained notice that objections were due within fourteen days. No objections were filed and the time to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the conclusions contained within the F&Rs to be supported by the record and proper analysis. The court also adopts the reasoning presented in F&Rs and within the December 11, 2019, screening order, with one addition, as follows: To the extent plaintiff sought to pursue a claim here (i.e., independent of the claims presented in the *Coleman* case) based upon the theory that the Guard One policy itself is **inherently unconstitutional**, the defendants would be entitled to qualified immunity as to such a claim. *See Rico v. Beard*, No. 2:17-cv-1402-KJM-DBP, 2019 WL 1036075, at *2 (E.D. Cal. Mar. 5, 2019) (finding defendants "are entitled to qualified immunity because they were carrying out a facially valid court order in instituting the Guard One system").

/////

/////

Accordingly,

1. The January 17, 2020 findings and recommendations (Doc. No. 19) are adopted;
2. This action shall proceed on plaintiff's excessive claim against defendant Santos and retaliation claim against defendant P. Ruiz;
3. All other claims and defendants are dismissed from the action for failure to state a cognizable claim for relief; and
4. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **July 18, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE