1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11    THOMAS JOHN HEILMAN,          )   Case No.: 1:19-cv-01654-NONE-SAB (PC)

12             Plaintiff,       )

)

13        v.                         )   FINDINGS AND RECOMMENDATION

)   RECOMMENDING DISMISSAL OF ACTION

14    C. VISS, et.al.,               )   PURSUANT TO FEDERAL RULE OF CIVIL

)   PROCEDURE 25

15             Defendants.     )   (ECF No. 26)

)

16                                 )

)

17 _____ )

18       Plaintiff Thomas John Heilman was a state prisoner appearing *pro se* in this civil rights action

19 pursuant to 42 U.S.C. § 1983.  This action has been pending since August 2019.

20       On September 18, 2020, Defendants filed a statement of fact of Plaintiff's death on the record,

21 and Plaintiff's successor in interest, Michael A. Heilman.  Fed. R. Civ. P. 25.

22       Rule 25(a)(1) provides:

23       If a party dies and the claim is not thereby extinguished, the court may order substitution of the

proper parties. The motion for substitution may be made by any party or by the successors or

24       representatives of the deceased party and, together with the notice of hearing, shall be served

on the parties as provided in Rule 5 and upon persons not parties in the manner provided in

25       Rule 4 for the service of a summons, and may be served in any judicial district. Unless the

motion for substitution is made not later than 90 days after the death is suggested upon the

26       record by service of statement of the fact of the death as provided for herein for the service of

the motion, the action shall be dismissed as to the deceased party.

27

28

1    In order for the ninety-day period for substitution to be triggered, a party must formally suggest

2  the death of the party upon the record and must serve other parties and nonparty successors or

3  representatives of the deceased with a suggestion of death in the same manner as required for service

4  of the motion to substitute. Fed. R. Civ. P. 25(a)(1); Barlow v. Ground, 39 F.3d 231, 233 (9th

5  Cir.1994). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed.

6  R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the

7  suggestion of death in the manner provided by Rule 4 for the service of a summons. Barlow v.

8  Ground, 39 F.3d at 232-234.

9    Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if

10  the statement of death was properly served. Unicorn Tales, Inc., v. Bannerjee, 138 F.3d 467, 469-471

11  (2d. Cir.1998).

12    Plaintiff's successor in interest was personally served with Defendants' statement of fact of

13  Plaintiff's death on the record on September 18, 2020, and the ninety-day period expired on December

14  17, 2020.[1]  Because no motion for substitution was filed on or before December 21, 2020, Fed. R. Civ.

15  P. 6(a)(1)(C), (d), the Court finds dismissal is appropriate pursuant to Rule 25(a).

16    Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed

17  pursuant to Federal Rule of Civil Procedure 25(a).

18    This Findings and Recommendation will be submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days**

20  after being served with this Findings and Recommendation, the parties may file written objections

21  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

22  Recommendation."  The parties are advised that failure to file objections within the specified time may

23  ///

24  ///

25  ///

26

27

28

---

[1] The Court accepts counsel's representation, as an officer of the Court, that Michael A. Heilman is the proper successor in interest of Plaintiff.  Fed. R. Civ. P. 11.

2

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **February 3, 2021**

UNITED STATES MAGISTRATE JUDGE